UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

KRISTINA N. WEAVER,
and other similarly situated individuals,

    Plaintiff,

v.

SCHRAIER INVESTMENTS 116 LLC
d/b/a TROPICAL SMOOTHIE CAFE,
and AMBER SCHRAIER, individually,

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, KRISTINA N. WEAVER, by and through the undersigned counsel, and hereby sues Defendants SCHRAIER INVESTMENTS 116 LLC, d/b/a TROPICAL SMOOTHIE CAFE, and AMBER SCHRAIER, individually, and alleges:

1. This is an action to recover money damages for unpaid minimum and overtime wages under the United States laws. Accordingly, this Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff KRISTINA N. WEAVER is a resident of Indian River County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant SCHRAIER INVESTMENTS 116 LLC, d/b/a TROPICAL SMOOTHIE CAFE, d/b/a TROPICAL SMOOTHIE CAFE (hereinafter TROPICAL SMOOTHIE

CAFE) is a Florida corporation that operates within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce.

4. Individual Defendant AMBER SCHRAIER, is the owner/partner/officer and manager of Defendant Corporations TROPICAL SMOOTHIE CAFE. This Individual Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Indian River County, Florida, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants minimum wages and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after August 2019 (the "material time") without being compensated minimum overtime wages pursuant to the FLSA.

7. Defendant TROPICAL SMOOTHIE CAFE is a franchised cafe/restaurant offering smoothies, cafes, salads, and other fast food preparations. This business is located at 1555 US Highway 1, Suite 102, Vero Beach, Florida 32966, where Plaintiff worked.

8. Defendants TROPICAL SMOOTHIE CAFE and AMBER SCHRAIER, employed Plaintiff KRISTINA N. WEAVER as a non-exempted, full-time, hourly employee, from approximately August 15, 20019, through January 21, 2022, or 127 weeks.

9. Plaintiff worked as a shift leader, and she had multiple responsibilities such as restaurant attendant, cash register, unloading trucks making smoothies, cooking, cleaning, and performing general restaurant work.

10. Plaintiff was not a tipped employee. Plaintiff's wage rate was $9.00 dollars an hour, plus an average of $100.00 weekly of shared tips from a jar. Thus, Plaintiff was paid an average of $460.00 weekly, or $11.50 an hour. Plaintiff's overtime rate should be $17.25 an hour.

11. During her entire period of employment, Plaintiff worked more than 40 hours weekly, but Defendants did not compensate her regular wages and overtime hours adequately.

12. Plaintiff had an irregular schedule, and she worked 7 days per week, an average of 10 hours daily or 70 hours weekly. Plaintiff was not allowed to take bonafide lunch breaks.

13. Plaintiff was paid for 40 regular hours or less. Sometimes Plaintiff was paid for a few overtime hours. The remaining overtime hours were not paid to Plaintiff at any rate, not even at the minimum wage required by the FLSA.

14. Plaintiff clocked in and out, and the Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

16. Plaintiff was paid bi-weekly with paystubs that did not show the real number of days and hours worked or record showing the real number of days and hours worked.

17. Plaintiff was not in agreement with the lack of payment for overtime hours, and she complained several times, but her complaints were ignored.

18. On or about January 21, 2022, Plaintiff was unfairly terminated.

19. Plaintiff seeks to recover regular wages, overtime hours, liquidated damages, as well as any other relief as allowable by law.

20. Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class in this action and is obligated to pay reasonable attorneys' fees and costs.

**COUNT I:
WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

21. Plaintiff KRISTINA N. WEAVER re-adopts every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. Defendant TROPICAL SMOOTHIE CAFE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a fast-food restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for

commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

24. Defendants TROPICAL SMOOTHIE CAFE and AMBER SCHRAIER, employed Plaintiff KRISTINA N. WEAVER as a non-exempted, full-time, hourly restaurant employee, from approximately August 15, 20019, through January 21, 2022, or 127 weeks.

25. Plaintiff was not a tipped employee. Plaintiff's wage rate was $9.00 dollars an hour, plus an average of $100.00 weekly of shared tips from a jar. Thus, Plaintiff was paid an average of $460.00 weekly, or $11.50 an hour. Plaintiff's overtime rate should be $17.25 an hour.

26. During her entire period of employment, Plaintiff worked more than 40 hours weekly, but Defendants did not compensate her overtime hours adequately.

27. Plaintiff had an irregular schedule, and she worked 7 days per week, an average of 10 hours daily or 70 hours weekly. Plaintiff was not allowed to take bonafide lunch breaks.

28. Sometimes Plaintiff was paid for a few overtime hours. The remaining overtime hours were not paid to Plaintiff at any rate, not even at the minimum wage required by the FLSA.

29. Plaintiff clocked in and out, and the Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

30. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

31. Plaintiff was paid bi-weekly with paystubs that did not show the real number of days and hours worked.

32. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Plaintiff is not in possession of time and payment records. Still, before the completion of discovery, she will provide a good faith estimate of unpaid overtime wages based on her best knowledge. After discovery, Plaintiff will adjust her statement of claim to deduct any overtime hour already paid.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Sixty-Five Thousand Seven Hundred Twenty-Two Dollars and 50/100 ($65,722.50)

    b. <u>Calculation of such wages</u>:

    Total weeks of employment:  127 weeks
    Total relevant number of weeks: 127 weeks
    Total number of working hours: 70 hours weekly
    Total number of unpaid O/T hours: 30 hours
    Regular rate: $11.50 x 1.5= $17.25
    O/T rate: $17.25

    O/T rate $17.25 x 30 O/T hours=$517.50 weekly x 127 weeks=$65,722.50

    c. <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid overtime wages.

35. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. At times mentioned, individual Defendant AMBER SCHRAIER, was the owner/partner, and she directed operations of TROPICAL SMOOTHIE CAFE. Defendant was the employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of TROPICAL SMOOTHIE concerning its employees, including Plaintiff and others similarly situated. Defendant AMBER SCHRAIER had financial and operational control of the business, provided Plaintiff with her work schedule, and she is jointly and severally liable for Plaintiff's damages.

37. Defendants knew and showed a reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

38. Defendants TROPICAL SMOOTHIE CAFE and AMBER SCHRAIER willfully and intentionally refused to pay Plaintiff KRISTINA N. WEAVER overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to her last day of employment.

40. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff KRISTINA N. WEAVER and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff KRISTINA N. WEAVER and other similarly situated and against the Defendants TROPICAL SMOOTHIE CAFE and AMBER SCHRAIER, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff KRISTINA N. WEAVER and those similarly situated demand trial by a jury of all issues triable as right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

41. Plaintiff KRISTINA N. WEAVER re-adopts every factual allegation stated in paragraphs 1-20 of this Complaint as if set out in full herein.

42. This action is brought by Plaintiff KRISTINA N. WEAVER and those similarly situated to recover from the Employers TROPICAL SMOOTHIE CAFE and AMBER SCHRAIER unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

43. Defendant TROPICAL SMOOTHIE CAFE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a fast-food restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

44. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

45. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is

employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

46. Defendants TROPICAL SMOOTHIE CAFE and AMBER SCHRAIER, employed Plaintiff KRISTINA N. WEAVER as a non-exempted, full-time, hourly employee, from approximately August 15, 20019, through January 21, 2022, or 127 weeks.

47. Plaintiff worked as a shift leader, and she had multiple responsibilities such as restaurant attendant, cash register, unloading trucks making smoothies, cooking, cleaning, and performing general restaurant work.

48. Plaintiff was not a tipped employee. Plaintiff's wage rate was $9.00 dollars an hour, plus an average of $100.00 weekly of shared tips from a jar. Thus, Plaintiff was paid an average of $460.00 weekly, or $11.50 an hour.

49. Plaintiff had an irregular schedule, and she worked 7 days per week, an average of 10 hours daily or 70 hours weekly. Plaintiff was not allowed to take bonafide lunch breaks.

50. During her entire period of employment, Plaintiff worked more than 40 hours weekly. However, in many weeks, Defendants paid her for less than 40 regular hours. Plaintiff estimates that she was not paid for at least 5 regular hours every week.

51. There is a substantial number of regular hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate, as required by law.

52. Plaintiff clocked in and out, and the Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

53. Therefore, Defendants willfully failed to pay Plaintiff minimum wages for every hour that she worked in violation of Section of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(a)(1).

54. Plaintiff was paid bi-weekly with paystubs that did not show the real number of days and hours worked.

55. The records, if any, concerning the number of hours worked by Plaintiff KRISTINA N. WEAVER and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.  Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

56. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

57. Plaintiff is not in possession of time and payment records. Still, before the completion of discovery, she will provide a good faith estimate of regular unpaid wages based on her best knowledge. After discovery, Plaintiff will adjust her statement of claim to reflect the exact number of regular unpaid hours.

    *Florida minimum wage is higher than federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

    Five Thousand Four Hundred Seventy Dollars and 60/100 ($5,470.60)

    b. <u>Calculation of such wages</u>:

        Total weeks of employment: 127 weeks
        Relevant weeks of employment: 127 weeks
        Total number of hours worked: more than 40 hours
        Total number of unpaid hours: 5 hours weekly average
        Wage rate paid: $460 weekly: 40 hours= $11.50 an hour
        Regular rate paid: $11.50

        1.- Minimum wages 2019 – 20 weeks @ $8.46
          Fl min. wage $8.46 x 5 unpaid hours= $42.30 weekly x 20 weeks=$846.00

        2.- Minimum wages 2020 – 52 weeks @ $8.56
          Fl min. wage $8.56 x 5 unpaid hours=$42.80 weekly x 52 weeks=$2,225.60

        3.- Minimum wages 2021 – 52 weeks @ $8.65
          Fl min. wage $8.65 x 5 unpaid hours=$43.25 weekly x 52 weeks=$2,249.00

        4.- Minimum wages 2022 – 3 weeks @ $10.00
          Fl min. wage $10.00 x 5 unpaid hours=$50.00 weekly x 3 weeks=$150.00

        Total Periods #1, #2, #3, and #4: $5,470.60

    c. <u>Nature of wages</u>:

        This amount represents unpaid minimum wages at the Florida minimum wage rate.

58. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants, and Plaintiff and those similarly situated are entitled to recover double damages.

59. At times mentioned, individual Defendant AMBER SCHRAIER, was the owner/partner, and she directed operations of TROPICAL SMOOTHIE CAFE. Defendant was the employer of Plaintiff and others similarly situated individuals within the meaning of

Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of TROPICAL SMOOTHIE concerning its employees, including Plaintiff and others similarly situated. Defendant AMBER SCHRAIER had financial and operational control of the business, provided Plaintiff with her work schedule, and she is jointly and severally liable for Plaintiff's damages.

60. Defendants TROPICAL SMOOTHIE CAFE and AMBER SCHRAIER willfully and intentionally refused to pay Plaintiff minimum wages, as required by the United States law, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

61. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KRISTINA N. WEAVER and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff KRISTINA N. WEAVER and against the Defendants TROPICAL SMOOTHIE CAFE and AMBER SCHRAIER based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available

pursuant to Federal Law.

## JURY DEMAND

Plaintiff KRISTINA N. WEAVER and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated: March 10, 2022,

          Respectfully submitted,

          By: **/s/ Zandro E. Palma**
          ZANDRO E. PALMA, P.A.
          Florida Bar No.: 0024031
          9100 S. Dadeland Blvd.
          Suite 1500
          Miami, FL 33156
          Telephone: (305) 446-1500
          Facsimile:  (305) 446-1502
          zep@thepalmalawgroup.com
          *Attorney for Plaintiff*